# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**JAMIE JARRELL, MICHELLE BROWN,
BRANDY RIGGS, RYAN KIMBERLY,
BRIGITTE O'LEARY, KRISTA MILLER,
AMBER RUCKER, LATISHA STICKLER,
BRITTANY GILLENWATER, CHELSI BURFORD,
RANDI JONES, MIRANDA HAMILTON, HEATHER
STARCHER, JAMES PUTNEY, JINNFER DOTSON,
JAMES FERRELL, RITA GRUBB, LINDSEY MOLLOHAN,
CHRISTOPHER TATE, JULIA ZETO, OLIVIA
BLANKENSHIP, MELISSARAINEY, DEA FALLIN,
HEATHER WILLIAMS, HILARY JORDAN, ANGEL
ARTHUR, VALERIEPICKETT, AMANDA REED,
JANICE HAGERMAN, and AMY LOPEZ SMITH,**

    **Plaintiffs,**

v.                                                        **Civil Action No: 2:17-cv-01371**
                                                                   **(Judge_____)**

**CHARLESTON AREA
MEDICAL CENTER, INC.**,

    **Defendant.**

## COMPLAINT

Plaintiffs allege and say as follows:

1. That this is an action brought by the Plaintiffs to recover damages due and owing under Federal law known as the Fair Labor Standards Act for failure to pay appropriate wages as required by law. The plaintiffs seek money damages for wages that were not paid as required by **29 U.S.C. 207**, Fair Labor Standards Act (Maximum hours), liquidated damages equal to the amount owed, costs, injunctive relief, attorneys' fees and other relief as a result of Defendant's

commonly applied policy and practice of not for all hours worked and for failing to pay overtime in violation of federal wage and hour laws.

2. That in addition to the individual action brought by the plaintiffs this is a proposed collective action under **29 U.S.C. §216(b)**, for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice of designating Plaintiffs and other similarly situated employees who were not paid overtime in violation of federal wage and hour laws.

3. Plaintiffs sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under **29 U.S.C. § 216(b)**, sometimes referred to as an "opt-in class action." Plaintiffs and the putative class are similarly situated in that they are all subject to Defendants common plan or practice of not paying overtime wage and other violations of said Act.

4. That the plaintiffs, Angel Arthur, Olivia Blankenship, Michelle Brown, Chelsi Burford, Jennifer Dotson, Dea Fallin, James Ferrell, Brittany Gillenwater, Rita Grubb, Janice Hagerman, Miranda Hamilton, Jamie Jarrell, Randi Jones, Hilary Jordan, Ryan Kimberly, Amy Lopez Smith, Krista Miller, Lindsey Mollohan, Brigitte O'Leary, Valerie Pickett, James Putney, Melissa Rainey, Amanda Reed, Brandy Riggs, Amber Rucker, Heather Starcher, Latish Stickler, Christopher Tate, Heather Williams and Julia Zeto, at all times material hereto, were a citizens of the State of West Virginia and reside in the Southern District of West Virginia and was employed by Charleston Area Medical Center, Inc.

5. That the named plaintiffs always relevant hereto were employed and/or worked in the Emergency Room Department or were Phlebotomists of the defendant, Charleston Area Medical Center, Inc.

6. That at all times alleged herein, the defendant, Charleston Area Medical Center, Inc., was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Charleston Area Medical Center, Inc. operates a places of business known as the Memorial, General and Women's and Children's Hospitals, in Kanawha County, West Virginia and is within the jurisdiction of this Court. Further the defendant, Charleston Area Medical Center, Inc. is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

7. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of **28 U.S.C. § 1331** because it raises questions under the Federal Fair Labor Standards Act, **29 U.S.C. § 216(b).**

8. The venue is proper in this district pursuant to **28 U.S.C. § 1391(b)(c)** because the Defendant may be found in this district and the challenged conduct occurred in West Virginia.

9. That the defendant, Charleston Area Medical Center, Inc., regularly and consistently deducted one-half hour of pay from its employees for a "break" that the employees were not being afforded by their employer.

10. That based upon the business practice of the defendant, Charleston Area Medical Center, Inc., employees providing medical care in the Emergency Room

Department and those working as a Phlebotomist were required to work continuously without a break from their employment.

11. That it is believed that other departments other than the Emergency Room and other specialists such as a Phlebotomist were also having time deducted from their wages even though work was being performed.

12. That the defendant, Charleston Area Medical Center, Inc., was fully aware of the exact duties and responsibilities assigned to Plaintiff and knew or should have known that it was therefore illegally not paying employees for hours worked.

13. That during these times, Defendant was also fully aware of the law regarding the payment of maximum hour wages (commonly known as overtime).

14. Despite this knowledge Defendant willfully, and or negligently, failed and refused to correct its illegal actions and to pay maximum hour wages (commonly known as overtime) to said plaintiff.

15. That in addition, during this time the Plaintiffs frequently worked more than 40 hours each week, but, despite their non-exempt job duties, they were never paid wages for hours actually worked in excess of 40 hours per week as it related to the defendant, Charleston Area Medical Center, Inc., deducting hours from the plaintiffs' work day.

16. That to avoid paying wages that are due the defendant, Charleston Area Medical Center, Inc., required employees, under the threat of disciplinary action, to report that they were taking a break when the defendant, Charleston Area Medical Center, Inc., was aware that breaks were in fact not occurring due to the work schedule that the plaintiffs were required to maintain.

17. That the defendant, Charleston Area Medical Center, Inc., has a policy that if any employee truthfully reported that they were required to work through their break the employee would receive a disciplinary action unto and including discharge.

18. That the policy of disciplining employees for reporting that they were working through their lunch was done for the sole purpose of defeating Federal Wage and Hour Laws.

19. That the plaintiff, Angel Arthur, began employment with the defendant, Charleston Area Medical Center, Inc. on or about June 1, 2003, and has been continuously employed thereafter.

20. That the plaintiff, Dea Fallin, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2010, and has been continuously employed thereafter.

21. That the plaintiff, Rita Grubb, began employment with the defendant, Charleston Area Medical Center, Inc. on or about September 1, 1991, and has been continuously employed thereafter.

22. That the plaintiff, Jamie Jarrell, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2000, and has been continuously employed thereafter.

23. That the plaintiff, Hilary Jordan, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 27, 2013, and has been continuously employed thereafter.

24. That the plaintiff, Ryan Kimberly, began employment with the defendant, Charleston Area Medical Center, Inc. on or about February 15, 2016, and has been continuously employed thereafter.

25. That the plaintiff, Krista Miller, began employment with the defendant, Charleston Area Medical Center, Inc. on or about March 1, 1999, and has been continuously employed thereafter.

26. That the plaintiff, Brigitte O'Leary, began employment with the defendant, Charleston Area Medical Center, Inc. on or about February 1, 1999, and has been continuously employed thereafter.

27. That the plaintiff, Valerie Pickett, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2010, and has been continuously employed thereafter.

28. That the plaintiff, Melissa Rainey, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 17, 2010, and has been continuously employed thereafter.

29. That the plaintiff, Brandy Riggs, began employment with the defendant, Charleston Area Medical Center, Inc. on or about June 1, 2008, and has been continuously employed thereafter.

30. That the plaintiff, Heather Williams, began employment with the defendant, Charleston Area Medical Center, Inc. on or about June 1, 2010, and has been continuously employed thereafter.

31. That the plaintiff, Julia Zeto, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2010, and has been continuously employed thereafter.

32. That the plaintiffs, Olivia Blankenship, Chelsie Burford, Jennifer Dotson, James Ferrell, Brittany Gillenwater, Miranda Hamilton, Randi Jones, Amy Lopez Smith, Lindsey Mollohan, James Putney, Amanda Reed, Amber Rucker, e Starcher, Latisha Stickler, and Christopher Tate, began their employment with the defendant, Charleston Area Medical Center, Inc. on or about three years ago and have been continuously employed thereafter.

33. That the plaintiff, Michelle Brown, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2001, and was continuously employed until January 2, 2017.

34. That the plaintiff, Janice Hagerman, began employment with the defendant, Charleston Area Medical Center, Inc. on or about May 1, 2001, and was been continuously employed until February 6, 2017.

35. That without limitation the defendant would make the following specific wage and hour violations.

    a. The defendant, Charleston Area Medical Center, Inc., would deduct one-half hour each day from employees time at work for a "break" that the plainitiffs in fact were required to work.

    b. That while the defendant, Charleston Area Medical Center, Inc., deducted one-half hour each day for a break, the defendant was aware that they

have scheduled the employees and given them duties that precluded the ability to take a break.

    c. That the defendant, Charleston Area Medical Center, Inc., did not provide any relief personnel to relieve the plaintiffs from their duties so that they could take a break.

    d. That based upon patient loads and patient assignments, the plaintiffs could not take a break from their assignments -- all of which was known to the defendant, Charleston Area Medical Center, Inc.

    e. That the time deducted was in excess of the overtime requirements in most daily work schedules.

36. That the defendant, Charleston Area Medical Center, Inc. in violation of Federal law failed to pay plaintiff wages and benefits due and owing, which were earned by said plaintiff.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

37. That the preceding paragraphs are realleged as if restated herein.

38. Based on the foregoing, the defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees, and court costs.

# COUNT TWO

# COLLECTIVE ACTION CLAIM FOR
# VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
# BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
# SITUATED EMPLOYEES, CURRENT OR FORMER

39. That the preceding paragraphs are realleged as if restated herein.

40. Based on the foregoing, the defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees, and court costs.

**WHEREFORE**, the plaintiff demands:

a. Judgment against the defendant for an amount equal to loss of all wages, plus interest;

b. Liquidated damages;

c. Attorney fees and costs; and

d. Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                      JAMIE JARRELL et al
                                      By Counsel

*s/J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
RANSON LAW OFFICES
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990

**G. Patrick Jacobs, WVSB #1867**
JACOBS LAW OFFICE
7020 MacCorkle Avenue, SE
Charleston, WV 25304
(304) 926-6676

Counsel for plaintiff