IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMIE JARRELL, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO. 2:17-cv-01371

CHARLESTON AREA MEDICAL CENTER, INC.,

        Defendant.

**MEMORANDUM OF OPINION AND ORDER**

Before this Court is a Joint Motion for Court Approval of Settlement Agreement and Release filed jointly by Plaintiffs Jamie Jarrell, Michelle Brown, Brandy Riggs, Ryan Kimberly, Brigitte O'Leary, Krista Miller, Amber Rucker, Latisha Stickler, Brittany Gillenwater, Chelsi Burford, Randi Jones, Miranda Hamilton, Heather Starcher, James Putney, Jinnifer Dotson, James Ferrell, Rita Grubb, Lindsey Mollohan, Christopher Tate, Julia Zeto, Olivia Blankenship, Melissa Rainey, Dea Fallin, Heather Williams, Hilary Jordan, Angel Arthur, Valerie Pickett, Amanda Reed, Janice Hagerman, and Amy Lopez Smith (collectively, "Plaintiffs") and Defendant Charleston Area Medical Center, Inc. ("Defendant"). (ECF No. 24.) For the reasons explained more fully herein, the parties' motion is **GRANTED**.

*I.    BACKGROUND*

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendant failed to pay them the minimum wage required by law and

1

failed to pay them for hours worked in excess of 40 hours per week. (*See* ECF No. 1.) Specifically, Plaintiffs allege that Defendant deducted from their pay a half-hour "break" but required them to work through the "break." (*Id.* at 4–5.)

On July 3, 2018, the parties jointly moved this Court to approve their negotiated settlement in this case. (ECF No. 24.) The parties have submitted their settlement agreement, (ECF No. 24-1), and a memorandum in support of approval, (ECF No. 25), for this Court's consideration. As such, this matter is fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

To approve the settlement proposed by the parties, this Court must determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see Hackett v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) ("In reviewing FLSA settlements for approval, district courts in [the Fourth Circuit] typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." (internal quotation marks omitted)); *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014). This undertaking necessitates a three-part inquiry: (1) "whether there are FLSA issues actually in dispute"; (2) whether the settlement is fair and reasonable; and (3) whether the request for attorney's fees, if included in the agreement, is reasonable. *Hackett*, 259 F. Supp. 3d at 365.

## III. ANALYSIS

A. Bona Fide *Dispute*

First, this Court must determine whether a *bona fide* dispute exists in this case. To do so, this Court "examines the pleadings . . ., along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014). If it

2

appears that the settlement "reflect[s] a reasonable compromise of disputed issues," rather "than a mere waiver of statutory rights brought about by an employer's overreaching," the *bona fide* dispute requirement is satisfied. *Lynn's Food Stores*, 679 F.2d at 1354.

The proposed settlement in this case constitutes a resolution of a *bona fide* dispute. Plaintiffs allege that Defendant "regularly and consistently deducted one-half [sic] hour of pay from its employees for a 'break' that the employees" did not receive. (ECF No. 1 at 3.) Plaintiffs also allege that Defendant "required [its] employees, under the threat of disciplinary action, to report that they were taking a break" even though Defendant knew "that breaks were in fact not occurring due to the work schedule that [Plaintiffs] were required to maintain." (*Id.* at 4.) Further, Plaintiffs allege that as a result, Defendant violated the FLSA by failing to pay them the minimum wage required by law and by failing to pay them for hours worked in excess of 40 hours per week. (*See id.* at 8.)

Defendant denies Plaintiffs' allegations. (*See* ECF No. 5.) Specifically, Defendant asserts that it utilizes policies and procedures to prevent FLSA violations and that Plaintiffs failed to comply with these policies and procedures. (*Id.* at 5.) Defendant further argues that some Plaintiffs "did not work sufficient hours" to be entitled to overtime wages. (*Id.*) Defendant also moved for summary judgment on the basis that Plaintiffs waived their claims against it through a previous settlement. (ECF No. 17.) Therefore, this Court concludes that a *bona fide* dispute exists in this case. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) ("[A]n FLSA settlement should be approved if the settlement 'does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" (quoting *Lynn's Food Stores*, 679 F.2d at 1354)).

3

*B. Fairness and Reasonableness of Settlement*

Next, this Court must assess whether the proposed settlement is fair and reasonable. This Court considers several factors in making this determination: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented Plaintiffs; (5) the probability of Plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Patel*, 15 F. Supp. 3d at 656; *see also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016) (listing "the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object" as an additional factor for consideration).

This case was filed on February 23, 2017. (*See* ECF No. 1.) This Court entered a scheduling order to permit discovery on June 14, 2017, (ECF No. 9), and amended its order at the parties' request on May 10, 2018, (ECF No. 23). The parties represent that they engaged in "extensive, multi-month negotiations" before reaching the settlement of this matter. (ECF No. 25 at 4.) In addition, this Court notes that the allegations made in this case were also the subject of a Department of Labor investigation in 2016. (*See* ECF No. 18 at 2.) This Court thus concludes that "proceedings have progressed to a stage sufficient to permit the parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that [trial] would be a difficult and costly undertaking." *Irvine*, 204 F. Supp. 3d at 849–50 (internal quotation marks omitted). Further, because the record lacks evidence of fraud or collusion, this Court "presumes none occurred." *Id.* at 850.

This Court also observes that counsel for Plaintiffs are highly experienced in employment law matters and are therefore "competent to handle the settlement" the parties propose in this action. *Id.* The parties jointly move this Court to approve the settlement agreement, and in the time while the motion has been pending, this Court has heard no objection to the settlement from counsel for the parties or from any of the individual Plaintiffs. This demonstrates that Plaintiffs "have expressed approval of the settlement." *Id.*

Finally, the 2016 Department of Labor investigation involving allegations similar to those in the complaint suggests that Plaintiffs' claims are not frivolous. (*See* ECF No. 18 at 2–3.) The parties represent that the amount to be paid to each Plaintiff was "determined based on the number of 'off-the-clock' hours alleged by each Plaintiff during the relevant period." (ECF No. 25 at 4.) This Court thus determines that pursuant to the settlement, Plaintiffs will receive the full amount of the unpaid wages sought. In the aggregate, Plaintiffs will receive $48,988.09. (ECF No. 25 at 4; *see* ECF No. 24-1 at 10).

Having considered the relevant factors, this Court concludes that the terms of the parties' settlement are fair and reasonable.

C. *Reasonableness of Attorney's Fees*

Lastly, because the parties' proposed settlement includes an award for attorney's fees, this Court must determine whether the fees sought are reasonable. "The proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013); *see Meadows v. AM & GH LLC*, No. 2:15-cv-13370, 2018 WL 3876587, at *2–*3 (S.D.W. Va. Aug. 15, 2018) (applying this process in an FLSA case). This Court first "determine[s] the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *McAfee*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th

Cir. 2009)). This Court then "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* Finally, this Court "award[s] some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks omitted).

"To ascertain what is reasonable in terms of hours expended and the rate charged," this Court "appl[ies] the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Id.* These factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 88 n.5 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

With respect to the hourly rate, "[f]our of these factors are 'particularly relevant'": (1) the customary fee for like work; (2) the experience, reputation, and ability of the attorneys; (3) attorneys' fees awards in similar cases; and (4) the amount in controversy and the results obtained. *Koontz v. Wells Fargo N.A.*, No. 2:10-cv-00864, 2013 WL 1337260, at *13 (S.D.W. Va. Mar. 29, 2013). This Court concluded in another FLSA case—in which the plaintiffs were represented by counsel for Plaintiffs here—that a fee of $350 per hour was reasonable. *Meadows*, 2018 WL 3876587, at *5. Accordingly, this Court finds the same is true in this case.

6

In determining a reasonable figure for the number of hours worked, this Court may reduce the number of hours if the plaintiff "prevails on only some of the claims made, . . . but where full relief is obtained, the plaintiff's attorney should receive 'a fully compensatory fee,' and in cases of exceptional success, even an enhancement." *Koontz*, 2013 WL 1337260, at *19 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). "At bottom, the number of hours must be reasonable and must represent the product of 'billing judgment.'" *Id.* (quoting *Hensley*, 461 U.S. at 437). The parties represent that Plaintiffs' counsel spent a total of 72 hours on this matter. (ECF No. 25 at 5.) This Court determines that 72 hours billed by three attorneys is reasonable because this suit involves 30 named Plaintiffs and was initially filed as an FLSA collective action.

Therefore, a reasonable fee pursuant to the lodestar method is equivalent to $25,200, which is the amount Plaintiffs seek in this matter. Because Plaintiffs have essentially obtained "full relief" through the settlement, they are entitled to "a fully compensatory fee." *Koontz*, 2013 WL 1337260, at *19. More importantly, Defendant agrees that the amount Plaintiffs request is reasonable. (ECF No. 24-1 at 2.) This Court thus awards Plaintiffs $25,200.00 in attorney's fees.

In addition, this Court must award Plaintiffs their costs incurred in bringing the action. 29 U.S.C. § 216(b). The parties represent that these costs total $647.00 and that Defendant "has agreed to pay these costs." (ECF No. 25 at 5.) Accordingly, this Court awards $647.00 in costs to Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, the parties' Joint Motion for Court Approval of Settlement Agreement and Release, (ECF No. 24), is **GRANTED** and the proposed settlement

**APPROVED**.[1]  This Court further **DIRECTS** Defendant to pay to Plaintiffs $25,200.00 in attorney's fees and $647.00 in costs—for a total of $25,847.00—in accordance with the terms of the parties' settlement agreement.  Defendant's Motion for Summary Judgment, (ECF No. 17), is **DENIED** as moot.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                   ENTER:       September 20, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] Defendant's pending Motion for Summary Judgment, (ECF No. 17), is **DENIED** as moot.